IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BAKKO BROS., INC., a Minnesota Corporation<br><br>and,<br><br>GENESIS III, INC., an Illinois Corporation<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>JACOBS CORP.<br><br>And,<br><br>CHAD PLUMB, an individual<br><br>　　　　　　　Defendants. | CIVIL CASE NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Bakko Bros., Inc. ("Bakko Bros.") and Genesis III, Inc., ("Genesis III" and collectively, "Plaintiffs") in filing this Complaint against Defendant Jacobs Corp. ("Defendant Jacobs") and Defendant Chad Plumb ("Defendant Plumb" and collectively, "Defendants"), allege as follows:

### NATURE OF THE ACTION

1.　　Plaintiffs bring this Complaint for false patent marking under 35 U.S.C. § 292 against Jacobs.

2.　　The patent marking statute, 35 U.S.C. § 287(a), and the false patent marking statute, 35 U.S.C. § 292, exist to ensure that the public has accurate information on the existence of patent rights.

1

3. As set forth herein, Defendants have violated 35 U.S.C. § 292(a) by falsely marking and advertising products as protected by patent for the purpose of deceiving purchasers, competitors, and the public into believing that they are protected by patent, when they are not.

4. Defendants' false marking conduct described in detail below injures the public interest because it stifles competition, and deters innovation and scientific research.

5. Plaintiffs have been and are currently competitors of Defendants, and have suffered competitive injury through the conduct and actions of Defendants in violation of 35 U.S.C. § 292(a) by falsely marking and advertising products as protected by patent for the purpose of deception, unjust inflation of product prices, and protection of markets for hammermill hammers and grinder hammers.

## PARTIES

6. Bakko Bros. is a Minnesota Corporation, organized and existing under the laws of the State of Minnesota, with its principal place of business at 28958 198th Avenue, Glenwood, Minnesota.

7. Genesis III is an Illinois Corporation, organized and existing under the laws of the State of Illinois, with its principal place of business at 5575 Lyndon Road, Prophetstown, Illinois 61277.

8. Upon information and belief, Jacobs is a corporation organized under the laws of the State of Iowa, with its principal place of business at 2510 South 12th Street, Harlan, Iowa.

9. Upon information and belief, Jacobs regularly conducts business in the State of Iowa.

10. Upon information and belief, Chad Plumb is an individual and an Iowa resident with primary residence located at 1325 River Avenue, Harlan, Iowa.

## JURISDICTION AND VENUE

11. This is a civil action arising primarily under the Patent Act of 1953 codified in Title 35 of the United States Code §§ 100 *et seq*.

12. According to the United States Patent Trademark Office records, Defendant Jacobs is listed as the owner of the U.S. Pat. No. 8,104,177 (the "'177 Patent"), and a true and accurate copy is attached as **Exhibit A**.

13. The record of assignment lists Michael Sturm of the law firm Sturm & Fix LLP, as Defendant Jacobs's agent, with an address of 206 6th Ave #1213, Des Moines, IA 50309.

14. This Court has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (general jurisdiction for patent actions).

15. This Court has personal jurisdiction over Defendant Jacobs by virtue of systematic and continuous contacts with Iowa and this judicial district.

16. This Court has personal jurisdiction over Defendant Plumb by virtue of Defendant Plumb establishing residence in Iowa and this judicial district.

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391(c) in that Jacobs is subject to personal jurisdiction in this district and therefore resides in this district.

## RELEVANT FACTS AND HISTORY OF THE PARTIES

18. Plaintiff Bakko Bros. is in the business of, *inter alia*, developing, manufacturing, and selling grinders and associated components.

19. Upon information and belief, Defendant Plumb is the Vice President of Defendant Jacobs, and Defendant Plumb is personally involved in design, development, and intellectual property review of new hammers manufactured by Defendant Jacobs, including the Pentagon Hammers and Blade Hammers.

20. Upon information and belief, Defendant Plumb is personally responsible for determining whether any issues of intellectual property law implicated in the business of Defendant Jacobs require the assistance of counsel.

21. Upon information and belief, Defendant Plumb is a named inventor on at least the '177 Patent, and three applications for patent owned by Defendant Jacobs, U.S. Ser. Nos. 13/903,448, 13/282,768, and 12/147,117.

22. Upon information and belief, Defendant Plumb is the owner of forty-eight (48) percent of voting shares in Defendant Jacobs.

23. Plaintiff Genesis III is in the business of, *inter alia*, developing, manufacturing, and selling hammers and hammermill components.

24. Plaintiff Genesis III is the owner by assignment of six (6) U.S. Patents issued to Roger T. Young, namely, U.S. Pat. Nos.: 8,033,490 (the "'490 Patent"); 8,141,804 (the "'804 Patent"); 8,613,403 (the "'403 Patent"); 7,140,569 (the "'569 Patent"); 7,559,497 (the "'497 Patent"); and 8,960,581 (the "'581 Patent," and, collectively, the "GIII Patents").

25.     The GIII Patents were each issued for inventions covering hammermill hammer and grinder hammer technology.

26.     Plaintiff Bakko Bros. is the exclusive licensee of all GIII Patents (except for U.S. Pat. No. 7,559,497) for use with hay grinding equipment.

27.     On February 11, 2013, Plaintiffs sued Defendant Jacobs for patent infringement of the '490 Patent and the '569 Patent, in Case 4:13-CV-00070. Plaintiffs voluntarily dismissed the case without prejudice on May 23, 2013 under the belief the infringing conduct had ceased.

28.     On January 14, 2014, Plaintiffs sued Defendant Jacobs for patent infringement of the GIII Patents in Case 4:14-CV-00015. That case is still pending.

### JACOBS'S FALSE MARKING CONDUCT

29.     Among other products, Defendant Jacobs manufactures, markets, and sells hammermill hammers and grinder hammers.

30.     Defendant Jacobs is a sophisticated company with knowledge of technology and intellectual property issues.

31.     Defendant Jacobs has currently and in the past marked its products, manuals, advertisements, and website with unexpired patent numbers.

32.     Defendant Jacobs manufactures, markets, and sells hammermill hammers under the names "The Pentagon" and "The Pentagon Extreme" (collectively, "Pentagon hammers").

33.     Defendant Jacobs has in the past and currently marks the Pentagon hammers with a "PAT. NO." designation followed by "8,104,177" as shown in the brochure attached hereto as **Exhibit B** and in the photographs of the Pentagon hammers shown in **Exhibit C**. This "PAT.

NO. 8,104,177" designation is visible on both the hammer photographed in the brochure as well as in the typeface of the brochure.

34. Defendant Jacobs manufactures, markets, and sells grinder hammers under the name "Blade Hammer" (the "Blade hammers").

35. Defendant Jacobs has in the past and currently marks the Blade hammers with a "PAT. NO." designation followed by "8,104,177" as shown in the Defendants' product description document produced during discovery of Case 4:14-CV-00015, attached hereto as **Exhibit D**.

36. Defendant Jacobs retained sophisticated intellectual property counsel in its application and prosecution of the '177 Patent.

37. Upon information and belief, the '177 Patent is unexpired.

38. Defendant Plumb, the first named inventor on the '177 Patent, along with all other inventors, assigned the entire interest in the '177 Patent to Defendant Jacobs on June 23, 2006.

39. Defendant Jacobs, currently and in the past, on information and belief, through its website, brochures and products, marked and used in advertising the Pentagon hammers with the '177 Patent.

40. On information and belief, the above markings and advertisements were created both before and after passage and implementation of the America Invents Act (AIA) September 16, 2011.

41. Defendant Jacobs knew that no claims of the '177 Patent covered the products sold by Defendant Jacobs, yet actively marked its products, and upon information and belief, its marketing materials, with the '177 Patent.

42. During depositions taken by Plaintiffs during discovery in Case 4:14-CV-00015, the sworn testimony of at least Christine Petersen (Quality Assurance Manager and New Product Development Manager) revealed that all, or substantially all, Pentagon hammers were marked with the '177 Patent number after its issuance.

43. During depositions taken by Plaintiffs during discovery in Case 4:14-CV-00015, the sworn testimony of Defendant Plumb (Vice President, Engineering and Business Development) revealed that Defendant Plumb is personally responsible for approximately ninety-five (95%) percent of new hammer designs.

44. During depositions taken by Plaintiffs during discovery in Case 4:14-CV-00015, the sworn testimony of at least Defendant Plumb (Vice President, Engineering and Business Development) demonstrates that Defendant Plumb was personally aware that from the product line's inception no Pentagon hammers sold by Defendant Jacobs and marked with the '177 patent number contained all elements of any claim of the '177 Patent.

45. During depositions taken by Plaintiffs during discovery in Case 4:14-CV-00015, the sworn testimony of at least Defendant Plumb (Vice President, Engineering and Business Development) demonstrates that Defendant Plumb was personally aware that from the product line's inception no Blade Hammers sold by Defendant Jacobs and marked with the '177 Patent number contained all elements of any claim of the '177 Patent.

46. Defendants retained sophisticated intellectual property counsel.

47. Upon information and belief, Defendants know that applying a patent number to a product or marketing materials requires at least one claim of the patent to be applicable to the product so marked.

48. As evidenced by its obtaining and maintaining patents, along with marking products and advertisements, with both a "PAT" designation and patent number "8,104,177," providing notice of its patent rights, Defendants are aware of and intend to enforce intellectual property rights.

49. By marking and continuing to falsely mark articles with patent numbers, Defendants have injured the interests of Plaintiff as well as Defendants' other competitors and customers, and discouraged competition, innovation, and scientific research.

50. By marking and continuing to falsely mark articles with patent numbers, Defendants intended to deceive the public and gain a competitive advantage over its rivals.

## COUNT I—FALSE PATENT MARKING OF PRODUCTS AND MATERIALS WITH THE '177 PATENT – JACOBS CORP.

51. Plaintiff incorporates by reference the allegations of paragraphs 1–50.

52. Defendant Plumb is personally aware that from the product line's inception no Pentagon hammers sold by Defendant Jacobs and marked with the '177 Patent number contained all elements of any claim of the '177 Patent.

53. Defendant Plumb is personally aware that from the product line's inception no Blade hammers sold by Defendant Jacobs and marked with the '177 Patent number contained all elements of any claim of the '177 Patent.

54. Defendant Jacobs advertises, makes, sells, or has advertised, made, and sold, at least some Pentagon hammers and Blade hammers that it marks or causes to be marked with the '177 Patent.

55.	Defendant Jacobs engaged in the conduct described in paragraph 49 above, even though the '177 Patent did not protect those products marked and marketed under the '177 Patent marking.

56.	Defendant Jacobs was and is aware that the '177 Patent did not protect the products marked and marketed under the '177 Patent marking when it engaged in such conduct.

57.	Defendant Jacobs, therefore, intentionally marked products with the '177 Patent in order to cause competitive injury and deceive its competitors and the consuming public into believing that Defendant Jacobs would enforce the patents described in its advertisements and falsely marked on its products against any potential infringers.

58.	Plaintiffs is both a past and present direct competitor of Defendant Jacobs.

59.	Defendant Jacobs's false marking was made with Defendants' knowledge of the falsity of the marking.

60.	Defendant Jacobs's false marking was willful.

61.	Plaintiffs have been competitively harmed in commerce by this false marking because the marking persuades customers and potential customers that Defendant Jacobs's Pentagon hammers and Blade hammers, which Defendant Jacobs marketed and sold competitively with Plaintiffs' hammers, is superior to Plaintiffs' hammers.

62.	As a result of Defendant Jacobs's false marking, Plaintiffs have suffered competitive injury as a direct result in the form of lost customers, lost profits, and reduced ability to set pricing.

63.	As a result of Defendant Jacobs's false marking, Plaintiffs have suffered irreparable harm.

## COUNT II—FALSE PATENT MARKING OF PRODUCTS AND MATERIALS WITH THE '177 PATENT – CHAD PLUMB

64.     Plaintiff incorporates by reference the allegations of paragraphs 1–63.

65.     Defendant Plumb is personally aware that from the product line's inception no Pentagon hammers sold by Defendant Jacobs and marked with the '177 Patent number contained all elements of any claim of the '177 Patent.

66.     Defendant Plumb is personally aware that from the product line's inception no Blade hammers sold by Defendant Jacobs and marked with the '177 Patent number contained all elements of any claim of the '177 Patent.

67.     Defendant Plumb is responsible for overseeing the design, testing, advertising, distribution, and sale of hammermill hammers made by Defendant Jacobs, including the Pentagon hammers and Blade hammers.

68.     Defendant Plumb was personally responsible for the design, manufacture, advertising, and sale of the Pentagon hammers and Blade hammers, including the decision to mark such hammers and advertisements thereof with the '177 Patent number.

69.     Defendant Plumb personally and knowingly engaged in the conduct described in paragraph 67 above, even though the '177 Patent did not protect those products marked and marketed under the '177 Patent marking.

70.     Defendant Plumb was and is aware that the '177 Patent did not protect the products marked and marketed under the '177 Patent marking when he engaged in such conduct.

71.     Defendant Plumb intentionally marked products with the '177 Patent to cause competitive injury and deceive its competitors and the consuming public into believing that

Defendant Jacobs would enforce the patents, described in its advertisements and falsely marked on its products, against any potential infringers.

72. Defendant Plumb's retained, at all times or nearly all times, a direct and personal control over all phases of design, development, marketing, sale, and patent marking of the Pentagon hammers and Blade hammers on behalf of Defendant Jacobs, and therefore was personally and directly responsible for the false Patent marking undertaken by Defendant Jacobs.

73. Plaintiffs are both a past and present direct competitor of Defendant Jacobs.

74. Defendant Plumb's false marking was made with Defendant Plumb's knowledge of the falsity of the marking.

75. Defendant Plumb's false marking was willful.

76. Plaintiffs have been competitively harmed in commerce by this false marking because the marking persuades customers and potential customers that Defendant Jacobs's Pentagon hammers and Blade hammers, which Defendant Plumb marketed and sold competitively with Plaintiffs' hammers, is superior to Plaintiffs' hammers.

77. As a result of Defendant Plumb's false marking, Plaintiffs have suffered competitive injury as a direct result in the form of lost customers, lost profits, and reduced ability to set pricing.

78. As a result of Defendant Plumb's false marking, Plaintiffs have suffered irreparable harm.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiffs Bakko Bros. and Genesis III demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against Defendants as follows:

A. Enter a judgment that Defendant Jacobs has violated 35 U.S.C. § 292;

B. Enter a judgment that Defendant Plumb has violated 35 U.S.C. § 292;

C. Enter an injunction prohibiting Defendants, and their respective agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violation of 35 U.S.C. § 292;

D. Order Defendants to pay an amount in damages adequate to compensate Plaintiffs for their competitive injury, or an alternative amount as determined by the Court;

E. Order Defendants to provide an accounting for any falsely marked products;

F. Order Defendants to pay all costs, attorneys' fees, and applicable interests; and

G. Grant Plaintiffs such further relief as deemed appropriate.

Dated: January 20, 2016  Respectfully submitted,

By: /s/ Brett J. Trout
Brett J. Trout, AT0008075
Brett J. Trout, P.C.
516 Walnut St.
Des Moines, IA 50309
Tel: (515)280-1939
Fax: (515)280-7114
trout@BrettTrout.com

        Jay R. Hamilton, AT 14923
        HAMILTON IP LAW, PC
        201 W. 2nd St., Suite 400
        Davenport, IA 52801
        Tel: (563) 441-0207
        Fax: (563) 823-4637
        jay@hamiltoniplaw.com

        Charles A. Damschen, AT 002402
        HAMILTON IP LAW, PC
        201 W. 2nd St., Suite 400
        Davenport, IA 52801
        Tel: (563) 441-0207
        Fax: (563) 823-4637
        charlie@hamiltoniplaw.com

        Alexander JSW Johnson AT 34184
        HAMILTON IP LAW, PC
        201 W. 2nd St., Suite 400
        Davenport, IA 52801
        Tel: (563) 441-0207
        Fax: (563) 823-4637
        alex@hamiltoniplaw.com

ATTORNEYS FOR PLAINTIFFS
BAKKO BROS., INC.
GENESIS III, INC.